UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAMELA BAECHEL, et al., | ) | CASE NO. 5:16-cv-1403 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| REPUBLIC STORAGE SYSTEMS, LLC, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on two related motions. Plaintiffs have moved for default judgment against defendant Versa Capital Management, LLC ("Versa"). (Doc. No. 11.) Versa opposes the motion, and has filed its own motion, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, to dismiss this action against it for improper service. (Doc. No. 13.) Plaintiff opposes the motion to dismiss (Doc. No. 15), and Versa has replied. (Doc. No. 19.) For the reasons that follow, plaintiffs' motion for default is denied, and Versa's motion to dismiss is denied as moot.

### I. PROCEDURAL BACKGROUND

Plaintiffs filed this action alleging violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*., on June 9, 2016. (Doc. No. 1 (Complaint).) According to the complaint, Versa is a foreign corporation. (Complaint ¶ 48; *see also* Doc. No. 13-2 (Declaration of Thomas A. Kennedy ["Kennedy Decl."]) ¶ 2 ["Versa is organized in Delaware with its principle place of business in Pennsylvania."].) Jennifer Arnold, counsel for plaintiffs, sent a copy of the complaint to Versa's office in Philadelphia, Pennsylvania, via United States certified mail, which was received by Versa on June 15, 2016. (Doc. No. 7; *see*

Kennedy Decl. ¶ 3.) It is undisputed that the return address on the envelope received by Versa was listed as "Jennifer Arnold, 400 South Main Street, North Canton, Ohio, 44720[.]" (Kennedy Decl. ¶ 3, Ex. 1.)

On July 12, 2016, plaintiffs moved for default against Versa. On July 18, 2016, counsel for Versa contacted plaintiffs' counsel and advised that his client had been improperly served, citing Local Rule 4.2 for the Northern District of Ohio. (Doc. No. 13-3 (Declaration of Bradley Sherman ["Sherman Decl."]) ¶ 2.) Attorney Sherman "offered to waive service of process if Plaintiffs' counsel withdrew their motion for Default Judgment, which Plaintiffs' counsel declined." (*Id*. ¶ 3.) Versa filed its motion to dismiss for improper service two weeks later, on July 26, 2016. Versa filed its answer to the complaint on August 30, 2016. (Doc. No. 10 (Versa Answer).)

## II. PLAINTIFFS' MOTION FOR DEFAULT

Versa opposes plaintiffs' motion for default on a variety of grounds, including the fact that plaintiffs have failed to seek from the Clerk of Courts an entry of default before filing their motion. An entry of default and a default judgment are distinct events that require separate treatment. *See O.J. Distrib., Inc. v. Hornell Brewing Co., Inc*., 340 F.3d 345, 353 (6th Cir. 2003); *see also* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2692 (3d ed. 2003). Rule 55 of the Federal Rules of Civil Procedure governs both entry of defaults and default judgments. Rule 55(a), pertaining to entries of default, provides that:

> [w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a). Yet, no default has been entered because plaintiff has not filed an application with the Clerk for entry of default. It is well settled that an entry of default is a prerequisite to entry of a default judgment under Rule 55(b). *See Hickman v. Burchett*, No. 2:07-cv-743, 2008 WL 926609, at *1 (S.D. Ohio Apr. 4, 2008) ("By asking for a default judgment, Plaintiff has failed to follow the sequential procedure set forth in the Rule.") (collecting cases); *Sys. Indus., Inc. v. Han*, 105 F.R.D. 72, 74 (E.D. Pa. 1985) (citation omitted). Without the entry of a default by the Clerk, this Court cannot enter a default judgment under Rule 55(b). *Cf. O.J. Distrib. Inc.*, 340 F.3d at 352 ("Rule 55 permits the clerk to enter a default when a party fails to defend an action as required. The court may then enter default judgment.") (quotation marks and citations omitted).

And it is too late for plaintiffs to seek such an entry. "Rule 55(a) clearly provides that a default may only be entered *if* the defendant has failed to answer or otherwise defend." *Mosely v. Faurecia Auto. Seating, Inc.*, No. 08-10130, 2008 WL 1925051, at *4 (E.D. Mich. May. 1, 2008) (clerk erred in entering a default under Rule 55(a) where the defendant had already filed an answer) (citing Fed. R. Civ. P. 55, emphasis in original). When Versa filed its answer on August 30, 2016, it frustrated plaintiffs' ability to seek an entry of default in the future. Accordingly, plaintiffs' motion for default is denied.

### III. VERSA'S MOTION TO DISMISS FOR IMPROPER SERVICE

The filing of an answer by Versa also has the effect of rendering Versa's motion to dismiss for improper service moot. Versa's dispositive motion was premised on plaintiffs' alleged failure to comply with Local Rule 4.2, which dictates how service of process is to take place in cases filed in the Northern District of Ohio. In a reply brief filed in support of its Rule

3

12(b)(5) motion, Versa represents:

> [O]n August 4, 2016, the Clerk served the Summons and Complaint on all Defendants via certified mail as required by the Rules of Civil Procedure and the Local Rules of the Northern District of Ohio. (*See* Docket at August 4, 2016). Versa received proper service on August 9, 2016 and thus, will file a responsive pleading by August 30, 2016. Accordingly, both Plaintiffs' Motion for Default Judgment (Docket No. 11) and Versa's Motion to dismiss (Docket No. 13) are moot.

(Doc. No. 19 at 130.)

As set forth above, Versa filed its answer on August 30, 2016. (*See* Doc. No. 20.) While Versa's answer asserted as an affirmative defense that it "has not been proper served[,]" the Court will take Versa at its word that it is not still pursuing its motion to dismiss.[1] Versa's motion to dismiss, therefore, is denied as moot.

**IT IS SO ORDERED**.

Dated: December 7, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[1] Of course, the Court notes that, if Versa had pressed their Rule 12(b)(5) motion and prevailed, the remedy would have been to afford plaintiffs the opportunity to perfect service. "The Sixth Circuit has expressed a preference to treat the first motion for improper service as a motion to quash rather than a motion to dismiss." *Price v. U.S. Postal Service*, No. 1:13CV1194, 2014 WL 3704286, at *3 (W.D. Mich. July 24, 2014) (citing *Stern v. Beer*, 200 F.2d 794, 795 (6th Cir. 1953) ("if the first service of process is ineffective, a motion to dismiss should not be granted, but the case should be retained for proper service later")). Given that Versa now concedes that proper service on it has taken place, the Court need not grant an extension of time in which to perfect service.