# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| PAMELA BAECHEL, et al., | ) | CASE NO. 5:16-cv-1403 |
| | ) | |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| REPUBLIC STORAGE SYSTEMS, LLC, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court in this Employee Retirement Income Security Act ("ERISA") civil enforcement action is the motion of plaintiffs, pursuant to Fed. R. Civ. P. 60(a), for relief from and in opposition to the Court's automatic stay under 11 U.S.C. § 362. (Doc. No. 42 ["Mot."].) Defendant AultCare Corporation ("AultCare") opposes the motion (Doc. No. 44 ["Opp'n"]), and plaintiffs have filed a reply. (Doc. No. 45 ["Reply"].) For the reasons that follow, the Court construes the motion as a motion for reconsideration and denies the same.

## I. BACKGROUND

Plaintiffs are former employees of defendant Republic Storage Systems, LLC ("Republic Storage"), and were, at all times relevant to this action, covered under one or more of Republic Storage's employee benefit and health care plans (Doc. No. 27 (Amended Complaint ["Am. Compl."]) ¶¶ 1-45, 56). Defendant Versa Capital Management, LLC ("Versa") is a limited liability corporation that owned and operated Republic Storage and controlled the payments under the various plans. (*Id*. ¶ 48.) AultCare administered the plans, and it is alleged that AultCare was a fiduciary of the plans under 29 U.S.C. § 1104. (*Id*. ¶¶ 59-60.)

According to the amended complaint, Republic Storage began to fall behind in payments to AultCare and stopped consistently making plan payments in December 2014. (*Id*. ¶¶ 80, 82-3.) On April 10, 2015, Republic Storage closed its facility in Canton, Ohio, and approximately 300 individuals lost their jobs. (*Id*. ¶¶ 66-69.) At the time of the plant closing, plaintiffs had accrued benefits under the various plans and had unused vacation time. (*Id*. ¶¶ 70-71.) As a result of the lapse in plan payments, plaintiffs also have unpaid medical bills. (*Id*. ¶ 85.)

On June 9, 2016, plaintiffs filed the present action against Republic Storage, AultCare, Versa, and several John Doe defendants. The primary focus of their action is Republic Storage's failure to make the required payments under the relevant employee benefit and health care plans. The first two claims in the amended complaint are asserted against all defendants and relate to health care benefits. Count I raises a claim of breach of fiduciary duty related to the health care plan, under 29 U.S.C. §§ 1104, 1109. Count II seeks a recovery of benefits due under the plan, pursuant to 29 U.S.C. § 1132. The remaining counts are asserted solely against Republic Storage and Versa, and they include a violation of the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101, *et seq.* (Count III); a claim to recover vacation benefits (Count IV); and a claim to recover severance benefits (Count V).

On June 13, 2017, Republic Storage filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq*., with the United States Bankruptcy Court for the District of Delaware. (Doc. No. 38 (Notice ["Not."]).) Upon the filing of notice of Republic Storage's bankruptcy action, the Court ordered a stay of this action, subject to reopening upon written motion of plaintiffs or any other interested party after resolution of the bankruptcy action. (Doc. No. 40 (Order of Stay ["Order"]).)

Plaintiffs now seek relief from the stay. Plaintiffs complain that the Court issued the stay as to the nondebtor defendants before they had an opportunity to present evidence of prejudice. In support of the present motion, plaintiffs have appended to their briefing various documents, including discovery responses and affidavits demonstrating the existence of outstanding unpaid medical bills. (*See e.g.,* Doc. No. 42-1 (Discovery Responses ["Disc. Resp."]); Doc. No. 45-1 (Affidavit of Cheryl Dragomir ["Dragomir Aff."]).)

## II. DISCUSSION

### A.   Court Can Revisit Its Orders

As an initial matter, the parties debate whether Fed. R. Civ. P. 60(a) can serve as a vehicle by which the Court can revisit the imposition of the automatic stay. AultCare argues that plaintiffs' request should be considered under Rule 54(b) because it represents a request for reconsideration of a non-final order. (Opp'n at 619.) The debate is largely academic as it is well settled that "district courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of a final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)). "This authority allows district courts 'to afford such relief from [interlocutory orders] as justice requires.'" *Id.* (quoting *Citibank N.A. v. Fed. Deposit Ins. Corp.*, 857 F. Supp. 976, 981 (D.D.C. 1994) (alteration in original)). The Court finds that justice requires the Court to revisit its order staying this matter as to the nondebtor defendants, and plaintiffs' motion, therefore, will be treated as one for reconsideration.

B.     **Statutory Stay Pending Bankruptcy**

The Court observes that it continues to have jurisdiction over this matter relative to plaintiffs' motion to reconsider the imposition of the automatic stay. Federal district courts have jurisdiction concurrent with the originating bankruptcy court to determine the applicability of the bankruptcy court's automatic stay. *In re Baldwin-United Corp. Litig.*, 765 F.2d 343, 347 (2d Cir. 2985) ("Whether the stay applies to litigation otherwise within the jurisdiction of a district court . . . is an issue of law within the competence of both the court within which the litigation is pending . . . and the bankruptcy court supervising the reorganization."); *see N.L.R.B. v. Edward Cooper Painting, Inc.*, 804 F.2d 934 (6th Cir. 1986) (finding that the Sixth Circuit had jurisdiction "to determine whether the NLRB unfair labor practice proceeding was subject to the automatic stay") (quoting, with favor, *Baldwin*, 765 F.2d at 347) ("The court in which the litigation claimed to be stayed is pending has jurisdiction to determine not only its own jurisdiction but also the more precise question whether the proceeding pending before it is subject to the automatic stay."); *see also Holland v. High Power Energy*, 248 B.R. 53,  56 (S.D. W.Va. 2000) ("while it is correct that the bankruptcy court is the exclusive forum to consider a motion for relief from the automatic stay, the district court retains jurisdiction independent of the bankruptcy court to determine whether a pending civil action is subject to the automatic stay") (citation omitted).

The Court next turns to the law governing automatic bankruptcy stays. Pursuant to 11 U.S.C. § 362(a)(1), the filing of a petition for protection in bankruptcy court operates as an automatic stay as to the bankruptcy petition for "'the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor . . . .'" *In re Delta Air*

*Lines*, 310 F.3d 953, 956 (6th Cir. 2002) (quoting 11 U.S.C. § 362(a)(1) (alterations in original)). Section 362(a)(3) stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]" While these automatic stay provisions stay all proceedings against the debtor, they generally do not operate to stay claims against nondebtor defendants. *See Lynch v. Johns-Manville Sales Corp*., 710 F.2d 1194, 1196-97 (6th Cir. 1983) (citations omitted); *see also Patton v. Bearden*, 8 F.3d 343, 349 (6th Cir. 1993) (citing 2 Collier on Bankruptcy ¶ 362.04 (15th ed. 1993)). An automatic stay under 11 U.S.C. § 362(a) may, however, be extended to solvent defendants in "'unusual circumstances.'" *Parry v. Mohawk Motors of Mich., Inc*., 236 F.3d 299, 314 (6th Cir. 2000) (quoting *In re Eagle-Picher Indus., Inc*., 963 F.2d 855, 861 (6th Cir. 1992)); *see also Patton*, 8 F.3d at 349 (recognizing that "[s]ome courts have held that the debtor's stay may be extended to non-bankrupt parties in 'unusual circumstances'") (quoting, *inter alia*, *A.H. Robins Co. v. Piccinin*, 788 F.2d 944, 998 (4th Cir. 1986)). Courts have found "unusual circumstances" in two situations. First, courts have extended the stay where "'there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.'" *McCartney v. Integra Nat'l Bank N*., 106 F.3d 506, 510 (3d Cir. 1997) (quoting *A.H. Robins*, 788 F.2d at 999). Second, courts have extended the stay where "stay protection is essential to the debtor's efforts of reorganization." *Id*. (citations omitted); *see generally Patton*, 8 F.3d at 349 ("Such circumstances usually include when the debtor and the non-bankrupt party are closely related or the stay contributes to the debtor's reorganization.")

The leading case is *A.H. Robins* where the Fourth Circuit recognized that "[a]n illustration of [a situation where there is such an identity between the debtor and the third-party defendant] would be a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against" the third-party defendant. 788 F.2d at 999. While courts have been willing to find unusual circumstances when a contractual agreement provides the nondebtor defendant with absolute immunity, stays have not been extended when the agreement provides for merely the possibility of indemnity. *Compare Gulfmark Offshore, Inc. v. Bender Shipbuilding & Repair Co., Inc*., No. 09-0249-WS-N, 2009 WL 2413664, at *2 (S.D. Ala. Aug. 3, 2009) (indemnity agreement between debtors and its officers constituted unusual circumstances to warrant extending stay to nondebtor officer defendants), *and Edwards v. McElliotts Trucking, LLC*, No. 3:16-1879, 2017 WL 5559921, at *3 (S.D. W.Va. Nov. 17, 2017) (existence of indemnity agreement between debtor and nondebtor defendant meant that there was more than the "mere possibility of indemnification") (citation omitted), *with Martin v. Fifth Third Bank, Inc*., No. 1:11-CV-00182-JHM, 2012 WL 1906506, at *8 (W.D. Ky. May 25, 2012) (indemnity agreement with debtor did not constitute unusual circumstances where indemnification was not available upon a finding of willful misconduct), *and Al-Shara v. Wal-Mart Stores, Inc*., No. 11-CV-14954, 2012 WL 1119339, at *4-5 (E.D. Mich. Apr. 3, 2012) (finding no unusual circumstances where defendant merely presented a standard-fare indemnity agreement).

Although the Sixth Circuit has not yet ruled on the matter, courts are divided on the question of whether it is appropriate for district courts to engage in the "unusual circumstances" analysis. *See Lee v. RCN Corp*., No. 03 C 5866, 2004 WL 2108577, at *1 (N.D. Ill. Sept. 20,

2004) (suggesting that the "[t]he weight of authority holds that a request to extend a § 362 stay is to be filed in the court where the bankruptcy action is pending, and further, that the request is to be filed by the debtor") (citations omitted). Those district courts that left the decision to the bankruptcy court have reasoned that the bankruptcy court is best positioned to determine the effect on the bankruptcy estate and the debtor's reorganization efforts. *Id.*; s*ee, e.g., Fratelli Cosulich Unipessoal, S.A. v. Specialty Fuels Bunkering, LLC*, No. 13-00545-KD-C, 2014 WL 2611547, at *7 (S.D. Ala. June 11, 2014) (quoting *Lee, supra*). Still, other district courts have engaged in the analysis under either § 342(a), *see, e.g. Chicago Title Ins. Co. v. Lerner*, 435 B.R. 732, 735 (S.D. Fla. 2010) (district court employed the "unusual circumstances" analysis), or under the Court's inherent powers. *See, e.g., Lukas, Nance, Gutierrez & Sachs, Chartered v. Havens*, 245 B.R. 180, 182-83 (D.D.C. 2000) (collecting cases finding that a district court has the authority to extend bankruptcy stay to non-debtor co-defendants under its inherent powers).

With due respect to the district courts that have reserved this determination for the bankruptcy court, the Court finds that such an approach cannot be reconciled with the existence of the district court's concurrent jurisdiction to consider whether a civil action before it is subject to the automatic stay under § 362(a). Given that this Court was required to consider the applicability of the bankruptcy stay in the first instance, it is unnecessary for the Court to leave that determination to another court. Further, recognizing the automatic nature of the statutory stay provision, the Court finds that it is inappropriate for this Court to consider the matter under its more general inherent powers to stay proceedings "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163,

81 L. Ed. 153 (1936); *see generally Clinton v. Jones*, 520 U.S. 681, 706, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997). For this reason, it was unnecessary for the Court to receive and consider extraneous materials from the parties relative to prejudice. *See Feld Entm't, Inc. v. A.S.P.C.A.*, 523 F. Supp. 2d 1, 3 (D.D.C. 2007) (In determining whether a stay is appropriate under the court's inherent powers, "the court, in its sound discretion, must assess and balance the nature and substantiality of the injustices claimed on either side").

This brings the Court to the reconsideration of its decision to stay this action under § 362(a). Pursuant to the agreement between Republic Storage and AultCare, Republic Storage "agree[d] to indemnify AultCare against any claim and/or cause of action arising out of [Republic Storage's] failure to make timely payments[.]" (Doc. No. 39-1 (Agreement) 11. B. § IV at 392.) There is nothing provisional or qualified about Republic Storage's duty to indemnify in the event that Republic Storage failed to make the necessary payments under the terms of the plans. Consequently, this agreement is akin to the type of absolute immunity agreement discussed in the Fourth Circuit's decision in *A.H. Robbins* and found to be sufficient to establish an identity of issue such that a judgment against the third-party defendant would be tantamount

to a judgment against the debtor.[1] Because any judgment against AultCare would amount to a judgment against Republic Storage, the Court finds no basis to disturb its decision to stay this action against AultCare.

Nonetheless, the Court is not convinced that the automatic stay provision is broad enough to reach Versa. As set forth above, section 362(a)(3) automatically stays "any action to obtain any possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). The amended complaint avers that Versa owned and operated Republic Storage and controlled the payments under the ERISA plans. (Am. Compl. ¶ 48.) "The fact that a parent corporation has an ownership interest in a subsidiary, however, does not give the parent any direct interest in the *assets* of the subsidiary." *Kreisler v. Goldberg*, 478 F.3d 209, 214 (4th Cir. 2007) (emphasis in original). Accordingly, the Court shall afford Versa fourteen days in which to file a brief, not to exceed 10 pages, showing cause why the Court should not, upon reconsideration, lift the automatic stay as to it. Thereafter, the Court will permit plaintiffs to file a response brief, also not to exceed 10 pages, within fourteen days of the filing of Versa's brief.

---

[1] It is true, however, that "where the non-debtor defendant's liability rests upon its own breach of duty, 'unusual circumstances' are not present." *Johnson v. Fifth Third Bank, Inc*., 476 B.R. 493, 502 (W.D. Ky. 2012) (quoting *A.H. Robins*, 788 F.2d at 999); *see Holland v. High Power Energy*, 248 B.R. 53, 58 (S.D. W.Va. 2000) (citations omitted). The amended complaint contains allegations that AultCare breached its fiduciary duty to plaintiffs by failing to warn them that Republic Storage was not making timely payments toward the employee health and benefit plans. (*See, e.g*., Am. Compl. ¶ 84.) However, the Court is skeptical that the asserted factual allegations state a claim against this plan administrator for breach of fiduciary duty in the absence of allegations that AultCare exercised authority over plan assets. *See Briscoe v. Preferred Health Plan, Inc*., 578 F.3d 481, 485-56 (6th Cir. 2009); *Baxter v. C.A. Muer Corp*., 941 F.2d 451, 456 (6th Cir. 1991); *cf. Stanford v. Foamex L.P.*, No. 07-4225, 2009 WL 1033607, at *2 (E.D. Pa. Apr. 15, 2009) (stay of ERISA action against nondebtor plan administrator was inappropriate where complaint alleged that plan administrator misled plan participants, provided inaccurate information, and mishandled plan assets). Such issues can be addressed in due course.

### III. Conclusion

Upon reconsideration, and for all of the foregoing reasons, the Court denies plaintiffs' motion to lift the stay of this matter as to defendant AultCare.

**IT IS SO ORDERED**.

Dated: March 9, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**